# EXHIBIT A

## Commonwealth of Massachusetts

MIDDLESEX,SS.

Rita CASTAGNA Individually and
AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JEAN REID PLAINTIFF(S),

v.
ADT LLC d/b/a ADT SECURITY SERVICES
AND VALENTIN MOISAN DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081 CV 00942

### SUMMONS

THIS SUMMONS IS DIRECTED TO ADT LLC d/b/a ADT SECURITY SERVICES. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Middlesex Superior Court, 200 TRADE CENTER, 2nd Floor, Woburn, MA 01801 (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: BRADLEY H. HENRY, ESQ., MEEHAN, BOYLE, BLACK & BOGDANOW P.C., 100 Cambridge Street, Suite 2101, Boston, MA, 02114

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A TRUE COPY ATTEST: Joseph P Casey
Deputy Sheriff Suffolk County
6-19-20

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on JUNE 9, 20 20

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____

Dated: _____, 20___        Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

, 20___

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                                           SUPERIOR COURT

| | |
|---|---|
| RITA CASTAGNA, Individually and as Personal Representative of THE ESTATE OF JEAN FEILD, <br><br> Plaintiff, <br><br> v. <br><br> ADT, LLC d/b/a ADT Security Services and VALENTIN MOISAND, <br> Defendants. | FILED <br> IN THE OFFICE OF THE <br> CLERK OF COURTS <br> FOR THE COUNTY OF MIDDLESEX <br><br> APR 1 3 2020 <br><br> CLERK <br> CIVIL ACTION <br> NO. 20-942 |

## COMPLAINT and DEMAND FOR TRIAL BY JURY

1. Plaintiff, RITA CASTAGNA ("plaintiff"), a long-time resident of Holden, Worcester County, Massachusetts, is the duly appointed Personal Representative of the Estate of Jean Feild ("decedent").

2. Defendant ADT, LLC ("ADT"), is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida with CT Corporation as its registered agent in the Commonwealth of Massachusetts. At all times relevant to this Complaint, Defendant ADT has been engaged in and doing business in the Commonwealth in all counties including, specifically, Middlesex and Worcester Counties.

3. Defendant VALENTIN MOISAND ("Moisand") is an individual residing in Arlington, Middlesex County, Massachusetts. At all times relevant to this matter, defendant Moisand engaged in, marketed, sold and oversaw the sale and installation of life safety products and services including on behalf of, or as an agent of, ADT.

4. This action is brought to recover wrongful death and survivorship damages pursuant to Mass. Gen. L. c. 229, §1, et. seq. In addition, this action is brought to compensate the decedent's sister, plaintiff Rita Castagna, for personal, bodily and emotional injuries suffered as a result of the incident.

## JURISDICTION and VENUE

5. Venue is proper in Middlesex Superior Court because the defendants reside and/or maintain usual places of business and engage in business in Middlesex County. Specifically, Defendant Moisand resides in Arlington, Massachusetts and Defendant ADT maintains a usual place of business in Waltham, Massachusetts, both in Middlesex

County which is the only Massachusetts county where both defendants reside and/or maintain usual places of business.

## FACTUAL BACKGROUND

6. At all relevant times, the plaintiff owned and resided in a house on Chapel Street in Holden, Massachusetts (the "residence") together with her sister, the decedent. At all relevant times, both the plaintiff and decedent were senior citizens.

7. Defendant ADT manufactures, markets, sells, installs and provides services for business and residential electronic fire, life safety, carbon monoxide and security detection, alarming, signaling and monitoring that can dispatch emergency services if necessary.

8. In the Spring of 2016, defendant Valentin Moisand responded to an inquiry from the plaintiff to defendant ADT about life safety protection for the residence where she and the decedent lived. Defendant Moisand visited the home, evaluated its outdated and long-disconnected fire and security alarm, closely examined its connection panel, and discussed with the plaintiff her desire for life safety sensing, alarming and monitoring.

9. At all relevant times, defendant ADT conducted business throughout Massachusetts as a seller, installer and service provider of alarm systems and, through defendant Moisand, specifically sold, installed and serviced a life safety alarm system in the residence of Rita Castagna and Jean Field.

10. On April 14, 2016, as a result of detailed discussions with defendant Moisand, the plaintiff entered into an "Amended and Restated Residential Services Contract" with defendant ADT for a "Traditional + Safety" home security and life safety package, which provided that defendant ADT would install a wireless life safety detector system with a monitored security alarm. In accordance with representations made by defendant Moisand, the agreement specifies the services to be provided, the monthly service charge associated with each service and, in particular, lists "Carbon Monoxide" protection as included in the total monthly charge. Those representations were false and fraudulent.

11. On or about May 4, 2016, defendant ADT installed a wireless life safety system and a monitoring burglar alarm at the residence. The old, outdated and disconnected devices were completely removed and completely new equipment was installed and monitoring commenced. The plaintiff paid for such monitoring services throughout 2016 and 2017.

12. On April 21, 2017, the decedent arrived home urgently needing to use the bathroom, and inadvertently left her vehicle running in the basement garage of the residence. Soon afterwards, she closed the garage door and left her home with her sister in the plaintiff's vehicle. Later that evening, the decedent arrived home, dressed for and went to bed. During the night, she was exposed to and inhaled high levels of carbon monoxide gas from the garage below her bedroom. It was later learned that, notwithstanding the representations of defendant Moisand and the agreement with defendant ADT, there were not any carbon monoxide detectors installed by the defendants in the residence.

WHEREFORE, plaintiff Rita Castagna, in her capacity as duly appointed Personal Representative of the Estate of her sister, Jean Field, pursuant to the Massachusetts Wrongful Death Act, Mass. Gen. L. c. 229 § 2, prays that judgment be entered against the defendants in an amount that will fairly and adequately compensate Jean Field's next of kin for her death and award all other recoverable damages together with interest, costs, attorneys' fees and such other relief as may be appropriate.

## COUNT II

### WRONGFUL DEATH – PUNITIVE DAMAGES

22. Plaintiff incorporates and reasserts ¶¶ 1-21 above as if set forth fully herein.

23. As set forth above, the defendants engaged in acts and/or omissions that constituted grossly negligent and/or reckless and/or willful and wanton misconduct in violation of their respective duties owed to the plaintiff and decedent.

24. As set forth above, and as a direct and proximate result of the defendants' grossly negligent and/or reckless and/or willful and wanton misconduct, plaintiff's decedent suffered grievous injuries of body and mind as well as pain and suffering which led, ultimately, to the decedent's death.

WHEREFORE, plaintiff, RITA CASTAGNA, Personal Representative of the Estate of her sister Jean Feild, pursuant to the Massachusetts Wrongful Death Act, Mass. Gen. L. c. 229, §2, prays that judgment be entered against each defendant in an amount that will adequately punish and deter each defendant for their respective gross negligence and/or recklessness and/or willful and wanton misconduct, together with interest, attorneys' fees and costs and such other relief as the court deems just and appropriate.

## COUNT III

### SURVIVAL CLAIMS – PAIN AND SUFFERING

25. Plaintiff incorporates and reasserts ¶¶ 1-24 above as if set forth fully herein.

26. As set forth above, the conduct of the defendants was negligent and/or grossly negligent and/or reckless and/or willful and wanton misconduct with respect to the safety of the decedent.

27. As a proximate result of the defendants' misconduct, plaintiff's decedent, Jean field, suffered grievous injuries of body and mind, including but not limited to conscious pain and suffering, and mental and emotional distress prior to her death.

28. As a direct and proximate result of the defendants' misconduct, plaintiff's decedent did not live long enough to recover such damages and so her estate suffered losses of considerable value to which no other is subrogated and for which her estate is entitled to recover.

WHEREFORE, plaintiff, RITA CASTAGNA, Personal Representative of the Estate of Jean Feild, prays that judgment be entered against the defendant in an amount which will fairly and adequately compensate the decedent's estate for the grievous injuries of body and mind, including but not limited to conscious pain and suffering, and mental and emotional distress and other damages sustained by Jean Feild prior to her death and that her estate recover these, and all other, recoverable damages, together with interest, costs, attorneys' fees and such other relief as may be appropriate.

## COUNT IV

### NEGLIGENCE – PERSONAL INJURIES

29. Plaintiff incorporates and reasserts ¶¶ 1-28 above as if set forth fully herein.

30. The defendants owed duties of reasonable care to the plaintiff as a senior consumer of defendants' life safety alarm, protection and monitoring services.

31. As set forth above, the defendants breached those duties of reasonable care owed to the plaintiff.

32. As set forth above, and as direct and proximate results of the defendants' breaches of those duties, the plaintiff suffered injuries of body and mind as well as pain and suffering.

WHEREFORE, plaintiff Rita Castagna, in her individual capacity, prays that judgment be entered against the defendants in an amount that will fairly and adequately compensate her for her personal injuries and award all other recoverable damages together with interest, costs, attorneys' fees and such other relief as may be appropriate.

## COUNT V

### BREACH OF CONTRACT AND WARRANTIES

33. Plaintiff incorporates and reasserts ¶¶ 1-32 above as if set forth fully herein.

34. As set forth above, over a year prior to the Incident, the defendant ADT, through defendant Moisand, submitted an offer to the plaintiff to sell her, install and maintain life safety alarm services for her residence. The plaintiff accepted, the products were installed, services commenced and the plaintiff paid to defendant ADT a monthly service charge indicating that "Carbon Monoxide" life safety alarm services were "Included."

35. In the production, marketing, sale, installation and monitoring of its life safety products and services, defendant ADT breached its contract with the plaintiff because, contrary to the defendants' representations and warranties about its product, installation and services, no carbon monoxide detection equipment was installed, or monitored for, by the defendants at the residence.

36. As set forth above, by selling and installing new fire and life safety detection and alarm equipment for the residence without having obtained the necessary permits required by state and local laws, codes and regulations, the defendants are liable for breaching their representations and warranties about the product, installation and services.

37. As set forth above, and as direct and proximate results of the defendants' breaches of their contract and warranties, the plaintiff and her decedent suffered injuries of body and mind as well as pain and suffering and, ultimately, the decedent died.

WHEREFORE, plaintiff, RITA CASTAGNA, Individually and as Personal Representative of the Estate of Jean Feild, prays that judgment be entered against the defendants for their breaches of contract and warranties in amounts which will fairly and adequately compensate for their injuries and for the suffering and death of the decedent and award all other recoverable damages, together with interest, costs, attorneys' fees and such other relief as may be appropriate.

## COUNT VI

### FRAUD

38. Plaintiff incorporates and reasserts ¶¶ 1-37 above as if set forth fully herein.

39. As set forth above, in the Spring of 2016, over a year before the Incident, defendant Valentin Moisand met personally with the plaintiff to discuss defendant ADT's life safety protection for the residence where she and the decedent lived. Defendant Moisand visited the home, evaluated its long-disconnected fire and security alarm, closely examined its connection panel and, in particular, discussed with the plaintiff all options for life safety sensing, alarming and monitoring. Defendant Moisand represented that all necessary detection, alarm and monitoring equipment would be arranged for and installed in the residence by ADT or its representatives and that, after paying for the installation, the plaintiff would be invoiced a "monthly service charge" by ADT for monitoring services.

40. At set forth above, on or about April 14, 2016, as part of her in-person meeting with defendant Moisand in her residence, the plaintiff was induced by defendant Moisand's representations to enter into a so-called "Amended and Restated Residential Services Contract" for a "Traditional + Safety" home security and life safety package, which provided that defendant ADT would install a wireless detector and alarm system. In particular, and in accordance with representations made by defendant Moisand, the agreement specified the services to be provided, the monthly service charge associated with each service and, in particular, lists "Carbon Monoxide" protection as "included" in the total monthly charge. Those representations were false and fraudulent.

41. On or about May 4, 2016, defendant ADT installed a wireless life safety system and a monitoring alarm at the residence. The plaintiff paid for such monitoring services throughout 2016 and 2017. Yet, contrary to the defendants' representations, no carbon monoxide detection was included in the equipment installed in the residence of the

plaintiff and decedent and, despite being "included" and paid for in the monthly service charge for monitoring, no carbon monoxide monitoring was, in fact, "included."

42. As set forth above, and as direct and proximate results of the defendants' misrepresentations and fraudulent statements, the plaintiff and her decedent suffered injuries of body and mind as well as pain and suffering and, ultimately, the decedent died.

WHEREFORE, plaintiff, RITA CASTAGNA, Individually and as Personal Representative of the Estate of Jean Feild, prays that judgment be entered against the defendants for their misrepresentations and fraudulent statements in amounts which will fairly and adequately compensate for their injuries and for the suffering and death of the decedent and award all other recoverable damages, together with interest, costs, attorneys' fees and such other relief as may be appropriate.

## PLAINTIFF'S DEMANDS FOR TRIAL BY JURY AND VOIR DIRE

Plaintiff demands a trial by jury on each claim asserted, and on each defense so triable, and Plaintiff further makes demand for attorney-conducted voir dire to the greatest extent permissible.

The Plaintiff,
By Her Attorneys,

MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.

*[signature]*

Bradley M. Henry, BBO#559501, *BHenry@Meehanboyle.com*
Victoria Mair, BBO#679120, *VSantoroMair@Meehanboyle.com*
Jessica M. Gray, BBO#697533, *JGray@MeehanBoyle.com*
MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.
100 Cambridge Street, Suite 2101
Boston, MA 02114
(617) 523-8300

7

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): Rita Castagna, Individually and as Personal Representative | | COUNTY Middlesex |
|---|---|---|
| ADDRESS: of the Estate of Jean Feild | | |
| 20 Chapel Street, Holden, MA 01520 | DEFENDANT(S): | ADT, LLC; and |
| | | Valentin Moisand |
| ATTORNEY: Bradley M. Henry, Esq., Victoria Mair, Esq. and Jessica M. Gray, Esq. | | |
| ADDRESS: Meehan, Boyle, Black & Bogdanow, P.C. | ADDRESS: | ADT, LLC, 1601 Yamato Rd., Boca Raton, FL 33431 |
| 100 Cambridge Street, Suite 2101, Boston, MA 02114 | | Valentin Moisand, 31 Hawthorne Ave., Arlington, MA 02476 |
| BBO: Bradley M. Henry, BBO# 559501; Victoria Mair, BBO# 679120; Jessica | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B08 | Wrongful Death, G.L. c.229 §2A | F | [X] YES  [ ] NO |

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............ $ 2,810.97
 2. Total doctor expenses ............ $ 1,000.00
 3. Total chiropractic expenses ............ $ _____
 4. Total physical therapy expenses ............ $ _____
 5. Total other expenses (describe below) ............ $ _____
  Subtotal (A): $ 3,015.97

B. Documented lost wages and compensation to date ............ $ _____
C. Documented property damages to dated ............ $ _____
D. Reasonably anticipated future medical and hospital expenses ............ $ _____
E. Reasonably anticipated lost wages ............ $ _____
F. Other documented items of damages (describe below) ............ $ 5,000,000
Wrongful death compensatory and punitive damages.

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff and decedent exposed to toxic/fatal levels of carbon monoxide in their residence due to defendants' negligence, gross negligence, recklessness, willful/wanton misconduct, contract breaches and fraud leading to injury and death.

TOTAL (A-F):$ 5,003,015.97

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _[signature]_   Date: 4/10/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_   Date: 4/10/2020

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2081CV00942 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **CASE NAME:** Rita Castagna Individually and Personal Rep of the Estate of Jean Feild vs. ADT, LLC Doing Business as ADT Security Services et al | | Michael A. Sullivan, Clerk of Court Middlesex County |
| **TO:** Bradley M Henry, Esq. Meehan, Boyle, Black & Bogdanow, P.C. 100 Cambridge St Suite 2101 Boston, MA 02114 | | **COURT NAME & ADDRESS** Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** — **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/13/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 08/11/2020 | |
| All motions under MRCP 12, 19, and 20 | 08/11/2020 | 09/10/2020 | 10/13/2020 |
| All motions under MRCP 15 | 06/07/2021 | 07/07/2021 | 07/07/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 04/04/2022 | | |
| All motions under MRCP 56 | 05/03/2022 | 06/02/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/30/2022 |
| Case shall be resolved and judgment shall issue by | | | 04/13/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 04/14/2020 | Maria Pantos | (781)939-2781 |

Date/Time Printed: 04-14-2020 09:10:41                                         SCV026\ 08/2018